BOUTALL, Judge.
This is a suit by a contractor against the owner for certain structural steel work on the Pfister Building seeking the unpaid portion of the contract price, and for the balance due on certain extra work beyond the contract. The trial court granted judgment of the sums as prayed by plaintiff subject however to a credit for certain labor furnished by defendant. The building owner has appealed. The plaintiff has neither appealed nor answered the appeal.
The main issue in this appeal is whether or not there existed a contract between the parties. Plaintiff contends that he made a detailed bid in the amount of $51,077.00 plus sales tax to furnish the necessary labor and materials for the steel construction called for according to defendant’s plan of May 4, 1967. He contends that this bid was accepted and a binding contract made, and this document, adjusted by certain deletions and additions for work alterations not contemplated therein, is the basis of the sum that he seeks to recover, and for which the trial court rendered judgment. As opposed to plaintiff’s position, defendant urges that the bid was never accepted, that it was in fact rejected, and that plaintiff was to work on some basis of time and material, or on some other agreement, which can only be expressed as charging a reasonable price for whatever work was required to be done.
The trial judge, although he rendered no written reasons, obviously found that the plaintiff’s bid had been accepted and constituted a binding contract between the parties, because the judgment he rendered is based upon those contract figures. There is ample evidence in the record to support this finding, and we agree with the trial court.
A review of the evidence shows that the plaintiff consistently testified that the bid was accepted and constituted a contract. As. opposed to this, the testimony of the two officers of defendant who handled the matter is rather vague and confusing in order to attempt an explanation other than that proposed by plaintiff. Gerald Pfister, the President of Arealco, Inc., testified by deposition (page 9) that the parties made an agreement that plaintiff was going to go ahead and start the work. The basis was to be on a time and material basis and he would pay whatever was reasonable for plaintiff’s services. On cross examination, he attempts to explain (page 25) that when *281 Mr. Fransen made the bid, the bid was accepted in the sense that this was Fransen’s bid and what he said it was going to cost for what defendant wanted to do, which at that time was very indefinite. Although he stated that this was not a final acceptance of what they were going to do at that price, but just a starting point, at the same time he testifies that he felt the bid was high. Under this testimony it would be reasonable to conclude that the contract was not in fact a time and material contract, but a contract which would cover a specific item of work for a specific price, and would be adjusted only by adding or eliminating those specific items of work. This conclusion is further substantiated by the testimony of Mr. Paul Pfister, Secretary-Treasurer of Arealco, Inc., who testified (page 58) that after receiving plaintiff’s bid he told him to proceed with the work, that the contract price would be as stated and the only deductions from that would have been work that he did not in fact do. We are of the opinion that a fair consideration of all of the evidence supports the proposition that a binding contract was made between the parties.
The next errors assigned relate to the items of work covered by the contract. The major contention surrounds the construction of a carport. At this point it might be well to point out that there were three sets of plans involved here. The first, Plan A, shows a carport and outside stairway. The second set of plans, Plan B, shows no carport or outside stairway. The third set of plans, Plan C, shows a different carport and outside stairway. Plaintiff contends, and his bid document clearly shows, that the bid was based upon Plan B, which has stamped upon it the date of May 4, 1967, and voids all prior plans, thus eliminating Plan A from consideration. Defendant contends nevertheless that Plan A contained a carport and when plaintiff bid on Plan B he should have known that a carport was included, but that in any event, all of the work was done under Plan C, and plaintiff thus included the carport in his bid. We are left rather confused by this contention, and are not able to conclude, either by argument or the testimony of the defendant’s witnesses, how such a situation could come about. If we conclude, as defendant contends, that there was no agreement on what was to be done, but the matter was to be a time and material basis, we are at a loss to determine why defendant should resist recovery, especially in view of defendant’s stipulation as to the reasonable cost of the carport. On the other hand, concluding as we have done, that a proposal was made based upon the May 4th plan and accepted as such, we find that that plan contains no carport, and indeed the final carport that was constructed appears to be an addenda to Plan C added at some later date and hence could certainly not have been included in the proposed bid. We can only conclude, as did the trial Judge, that the carport was not included in the bid and is an extra item. As to the other items mentioned there is apparently no dispute as to the monetary amount of any to them, and the only issue worthy of mention appears to be the use by plaintiff of certain workers and laborers paid allegedly by defendant for doing some of plaintiff’s work. Plaintiff testified that he kept precise and accurate records and that the workers in question worked 108J4 hours, although he was not aware of the precise rate of pay for each man. The defendant contends that the true figure is considerably greater, but is unable to show, and in fact admits that he did not keep, any records showing time worked or rates of pay in this particular instance. The trial Judge obviously believed plaintiff, and we agree. For this particular item, the trial Judge granted a credit in favor of Arealco in the amount of $325.50 (apparently $3.00 per hour) because this extra labor was obviously not contemplated within the contract price. Since plaintiff'did not appeal nor answer the appeal, we do not consider the reasonableness of this figure from his point of view, but from the point of view of appellant who contends it should be *282 much greater. We find the credit to be reasonable and supported by the evidence.
For the reasons above stated, we are of the opinion that the judgment of the trial court is correct, and we affirm that judgment. Costs of this appeal are to be borne by appellant.
Affirmed.